JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5795 PA (KESx) | Date | August 17, 2022 |
|---|---|---|---|
| Title | Milestone Financial, LLC v. Escrow Doc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Adeliya Timirova ("Defendant"). (Notice of Removal, Docket No. 1.) Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense . . . ." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5795 PA (KESx) | Date | August 17, 2022 |
|---|---|---|---|
| Title | Milestone Financial, LLC v. Escrow Doc, et al. | | |

  Here, the underlying Complaint contains causes of action for conversion, claim and delivery, and fraud, which do not arise under federal law.  In the Notice of Removal, Defendant alleges that "I AM entitled to receive An Answer to 'THE FEDERAL QUESTION' as to if I am entitled to the protection of FEDERAL LAW" and that "[t]his case action should be dismissed for not complying with strict FEDERAL law."  (See Docket No. 1.)  Thus, Defendant appears to assert she has a federal defense.  However, neither a federal defense nor a federal counterclaim forms a basis for removal.  See Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'").  Defendant has therefore failed to invoke this Court's federal question jurisdiction.

  Accordingly, Defendant has not met her burden of showing that jurisdiction exists over this action.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Superior Court of California, County of Los Angeles, Case No. BC 640157.  See 28 U.S.C. § 1447(c).  Defendant's Application to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

  The Court notes that this is the third time this action has been improperly removed to this Court.  (See Case Nos. CV 17-4784 GW (KSx) and CV 22-5100 JFW (KSx).)  The removing defendant in this case, in violation of Local Rule 83-1, did not identify the prior removals in the Civil Cover Sheet or a Notice of Related Case, and in fact stated on the Civil Cover Sheet that there were no identical or related cases.  The filing of any improper Notice of Removal in the future, and failure to identify the existence of related and identical cases, may result in the imposition of sanctions.

  IT IS SO ORDERED.